NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3147

DEAN J. BALOURIS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Dean J. Balouris, of West Mifflin, Pennsylvania, pro se.

Ray E. Donahue, Attorney, Office of General Counsel, United States Postal Service, of Washington, DC, for respondent. With him on the brief were Lori J. Dym, Chief Counsel, Appellate Division, and Michelle Wiindmueller, Attorney.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3147

DEAN J. BALOURIS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752060495-I-1.

_____

DECIDED:  February 19, 2009

_____

Before GAJARSA and MOORE, <u>Circuit Judges</u>, and ARTERTON, <u>District Judge</u>.[*]

PER CURIAM.

Dean J. Ballouris appeals a final decision of the Merit Systems Protection Board (Board) affirming his removal from the United States Postal Service (USPS).  <u>See</u> <u>Ballouris v. U.S. Postal Serv.</u>, No. PH0752060495-I-1 (M.S.P.B. Jan. 4, 2008) (Final Decision).  We <u>affirm</u> the final decision of the Board.

Prior to his removal, Mr. Ballouris was a full-time letter carrier for USPS in Pittsburgh, Pennsylvania.  Mr. Ballouris's duties included delivering mail to customers and to relay boxes.  On March 27, 2006, Mr. Balouris was involved in an altercation with

_____

[*]     Honorable Janet Bond Arterton, District Judge, United States District Court for the District of Connecticut, sitting by designation.

Terrance Sullivan, another letter carrier. There were no witnesses to the altercation other than Mr. Balouris and Mr. Sullivan, and their accounts of the incident differ. It is agreed that Mr. Ballouris was late in delivering the mail to a relay box, thereby delaying Mr. Sullivan, and that once Mr. Ballouris arrived at the relay, he and Mr. Sullivan began yelling at one another. Mr. Sullivan alleges that at this point Mr. Ballouris punched him in the face. By contrast, Mr. Ballouris alleges that Mr. Sullivan intentionally spit in his face and that he accidentally struck Mr. Sullivan in the face while trying to protect himself. Mr. Sullivan reported the incident to USPS, which responded by conducting an investigation.

Following the investigation, USPS issued a Notice of Proposed Removal and a subsequent Letter of Decision. In the Letter of Decision, USPS found that the charge of "Unacceptable Conduct / Assault" was "fully supported by the evidence." After considering the Douglas factors, see Douglas v. Veterans Admin., 5 M.S.P.R. 280, 307-08 (1981), USPS removed Mr. Ballouris. Mr. Ballouris appealed to the Board.

In an Initial Decision, the administrative judge (AJ) sustained the sole charge of "Unacceptable Conduct / Assault" based on her finding that—by his own admission— Mr. Ballouris had struck Mr. Sullivan. In reviewing the penalty, however, the AJ noted that Mr. Ballouris was provoked by Mr. Sullivan, and that Mr. Sullivan only received a "mere letter of warning" for his part in the altercation. The AJ also identified similar situations where the Board had held that 60-day suspensions were the "maximum reasonable penalty." Consequently, the AJ ordered that the penalty be reduced from removal to a 60-day suspension. USPS petitioned for review. The Board granted the petition for review and, with one member dissenting, sustained Mr. Ballouris's removal,

holding that when it sustains a charge it must give deference to the agency's punishment determination. Mr. Ballouris timely appealed the final decision.

We have jurisdiction under 28 U.S.C. § 1295(a)(9), pursuant to the procedures set forth in 5 U.S.C. § 7703. Accordingly, we must set aside Board decisions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

It is well established that the determination of the proper disciplinary action to be taken to promote the efficiency of the service is a matter within the discretion of the agency. Miguel v. Dep't of Army, 727 F.2d 1081, 1083 (Fed. Cir. 1984). Accordingly, we give deference to the agency's judgment unless a penalty violates a statute or regulation or is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Villela v. Dep't of the Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984). This means that we do not decide the reasonableness of a penalty, but only whether the agency's penalty amounts to an abuse of discretion.

In this case, USPS considered the relevant Douglas factors and determined that Mr. Ballouris's removal promoted the efficiency of the service. Regardless of his intent, Mr. Ballouris struck Mr. Sullivan on a public street and was removed because USPS determined that it "cannot maintain safe operations or operate efficiently with employees who commit acts of violence against co-workers." The Board deferred to the agency's penalty determination and sustained Mr. Ballouris's removal. We cannot conclude under our very deferential standard of review that the Board abused its discretion.

Mr. Ballouris has also petitioned this court to remand the case back to the Board for consideration of additional evidence that he claims was not available to him prior to his appeal. Specifically, Mr. Ballouris seeks to introduce an affidavit from a co-worker who claims to have heard Mr. Sullivan express his intention to spit in Mr. Ballouris's face. Both this court and the Board have held that:

> a party submitting new evidence in connection with a petition for review must satisfy the burden of showing that the evidence is material <u>and that it could not have been obtained earlier with the exercise of due diligence</u>. When documentary materials are asserted to be new and material evidence, "the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed."

<u>Brenneman v. Office of Pers. Mgmt.</u>, 439 F.3d 1325, 1328 (Fed. Cir. 2006) (emphasis added) (internal citations omitted). Because Mr. Ballouris has not alleged that he could not have obtained the affidavit or the information contained therein earlier with the exercise of due diligence, we deny this petition.

For the foregoing reasons, we affirm.

COSTS

No costs.